## George H. Williams and James P. Lockwood v. The John Davis Company.

1. **Witness**—*Rules for Determining Credit.*—The "credit" to be given to the testimony of a witness depends upon his ability and opportunities to know what occurred and his disposition to tell the truth.

Williams v. John Davis Co.

2. SAME—*What is Entitled to the Greater Weight.*—It is error to instruct the jury that the statement of a witness having superior opportunities for knowing what took place and superior intelligence and memory, other things being equal, is entitled to the greater weight.

3. SAME—*Interest in the Result.*—The interest of a witness in the result of a suit is not necessarily one of the tests for determining his credibility. His interest is a matter that may be taken into consideration. Nor can it be said as a general rule that a witness who is interested in the result of a suit will not be as honest, candid and fair in his testimony as one who is not.

4. INSTRUCTIONS—*Assuming Facts.*—In an action for work, labor and services, it is error to tell the jury that the plaintiff charged the defendant a certain sum for doing the work where the amount charged is in dispute.

5. ERROR—*Will Not Always Reverse.*—Where the instructions in a case, though erroneous, have not misled the jury, and it appears that substantial justice has been done, the judgment will not be reversed.

Memorandum.—Assumpsit for labor and services. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, A. D. 1894, and affirmed. Opinion filed July 2, 1894.

The opinion states the case.

APPELLANTS' BRIEF, HERMAN B. WICKERSHAM, ATTORNEY.

An interest in the event of the suit does not necessarily detract from the credibility of the witness, as above stated; these are simply circumstances that the jury may take into consideration. Douglass v. Fullerton, 7 Brad. 104.

Where an instruction fairly presents the law on the theory of the case, as contended for by the party who asks it, if there is any evidence upon which to base it, it should be given. Trask v. The People, 104 Ill. 569.

And where there is evidence of a fact an instruction based on the finding of that fact from the evidence, if the the law is applicable to that state of the case, can not be regarded as misleading. Eames v. Rend, 105 Ill. 509.

McMURDY & JOB, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an action of assumpsit for steam fitting work

done at the premises, being a restaurant, kept by appellants.

The plaintiff's agent made affidavit that the sum of $739.32 was due.

The defendants filed a plea of the general issue with an affidavit of merits, and also filed special pleas, setting up damages they claimed to have sustained on account of the defective character of the work.

The case came on for trial in November, 1893, with the result of a verdict and judgment for plaintiff of $589.32.

From this judgment the defendants appeal.

The court, at their instance, gave the following instruction:

" The jury are instructed that the credit of a witness depends upon his ability and opportunities to know what occurred and his disposition to tell the truth as to the occurrence.  The statement of a witness having superior opportunities for knowing what took place and superior intelligence and memory, other things being equal, is entitled to the greater weight before the jury.

" One of the tests for determining the credibility of a witness is his interest in the result of the suit.  As a general rule, a witness who is interested in the result of a suit will not be as honest, candid and fair in his testimony as one who is not so interested, but the degree of credit to be given to each and all of the witnesses is a question for the jury alone."

This instruction should not have been given.  We are not aware of any such rule as is announced for determining the " credit " to be given to the testimony of a witness.  Nor do we think that the interest of a witness in the result of a suit is one of the tests for determining his credibility.  His interest is a matter that may be and is to be taken into consideration.  Nor can it be said as a matter of law that as a general rule a witness who is interested in the result of a suit will not be as honest, candid and fair in his testimony as one who is not so interested.

Whether this is true as a matter of fact, it is unnecessary

to discuss, as in this State the court, unfortunately, is not allowed to instruct, or express an opinion upon matters of fact. That this instruction, erroneous as it is, in any way prejudiced the case of appellee, is not made to appear.

Nor should instructions 7 and 8 have been given. They at least each tell the jury that the plaintiff charged the defendant a certain sum for doing the work. The amount charged by the plaintiff was in dispute; a thing which the plaintiff undertook to prove; and the court should not, in an instruction, have assumed that proof thereof had been made.

These instructions do not appear to have done any harm, as the jury did not find for the plaintiff the sum of §739.32, the amount mentioned therein.

Appellants asked that the jury be instructed that the plaintiff must prove by a preponderance of the evidence how much labor was performed. The jury were not necessarily called upon to do this; they were to find the value of the work done by plaintiff, and in so doing they might have had to consider "the amount of labor performed," but their verdict was to be based upon the value of the work done and materials furnished, or, to make use of a common expression in regard to such transactions, the value of the work done; the expression "work" including materials supplied in doing the work.

We do not think the record of this case free from error. We affirm the judgment entered, because it has not been made to appear that reversible error was committed or that substantial justice has not been done.

This was not a case in which, so far as we can see, the sympathies of the jury were likely to or did lead them to consider unfairly any of the evidence adduced. The record inclines us to the opinion that the plaintiff did not do as good a piece of work as it charged for; the jury seem to have been of the same mind, as it gave the plaintiff a verdict for $150 less than the amount of the bill it rendered and swore was correct, nearly four years before. The plaintiff has thus been compelled to deduct $150 from his claim, and

has lost the use of his money for nearly four years. The defendants have obtained a reduction of $150, and a delay in payment, the interest value of which amounts to nearly as much more.

So far as appears from the record of this cause, substantial justice has been done, and the judgment is therefore affirmed.